IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE UNIVERSAL SERVICE FUND | § | |
| TELEPHONE BILLING PRACTICES | § | MDL DOCKET NO. 1468 |
| LITIGATION | § | |

### ORDER PRELIMINARILY APPROVING SPRINT SETTLEMENT AND NOTICE TO SETTLEMENT AND LITIGATION CLASSES

WHEREAS Settlement Class Representatives Roger Gerdes, Goldman & Hellman, P.A., Lady Di's, Inc., Sterling Beimfohr, d/b/a Sterling Sales, Pressman Toy Co., B&C Values, Inc., NYLB, Inc., d/b/a Siany, Elizabeth Tiffany, Michael Thome, and Tomi White Bryan (collectively "Settlement Class Representatives") and Defendant Sprint Communications Company, L.P. ("Sprint") have jointly moved for an order preliminarily approving the terms and conditions of the settlement as set forth in the Settlement Agreement ("the Sprint Settlement"), including the exhibits attached to the Settlement Agreement, approving the form and manner of notice of the Sprint Settlement and of the litigation, scheduling a hearing on final approval of the Settlement, and modifying the existing class definition;

WHEREAS this Court has considered the Joint Motion for Preliminary Approval of Settlement Between the Settlement Class and Sprint and for Approval of the Notice Plan, the arguments therein, and the Settlement Agreement and exhibits attached thereto;

Pursuant to Federal Rule of Civil Procedure 23, the Court hereby FINDS and ORDERS as follows:

1.      Settlement Class Representatives and Sprint's request to modify the previously certified class for purposes of the Sprint Settlement is hereby GRANTED upon the following findings and terms:

a. An ascertainable class exists consisting of all Sprint (residential and business), MCI (business), and AT&T (business and California residential) wireline long distance customers (including those billed directly and those billed through local carriers) in the United States who paid USF Charges and/or who agreed to or became subject to an arbitration clause contained in a customer agreement of Sprint, AT&T or MCI at any time from August 1, 2001, to the date of this Order.

b. There is a well-defined community of interest among the members of the Settlement Class.  Common questions of law and fact exist, and such questions predominate over questions affecting only individual members of the Settlement Class.

c. Maintenance of the case as a class action will result in substantial benefits to the Settlement Class members, the parties, and the Court and is superior to any other method to litigate the issues between the parties.  The Settlement Class is too numerous to be individually joined in one action.

d. Settlement Class Representatives are members of the Settlement Class, and their claims are typical of the claims of the other members of the Settlement Class.  Further, this Court finds that Settlement Class Representatives will fairly and adequately represent the interests of the Settlement Class.

e. Class Counsel are experienced and well-qualified to serve as counsel for the Settlement Class.

2.      Accordingly, the definition of the class previously certified by this Court ("the Litigation Class") is hereby MODIFIED for purposes of the Sprint Settlement as follows:

> All Sprint (residential and business), MCI (business), and AT&T (business and California residential) wireline long distance customers (including those billed directly and those billed through local carriers) in the United States who paid USF Charges and/or who agreed to or became subject to an arbitration clause contained in a customer agreement of Sprint, AT&T or MCI at any time from August 1, 2001, to the date of this Order.

The Litigation Class previously certified shall remain unchanged as to AT&T.

3.      This Court FINDS that the proposed settlement between Settlement Class Representatives and Sprint is within the range of reasonableness and accordingly should be submitted to the Settlement Class for its consideration and for a hearing under Federal Rule of Civil Procedure 23(e), and the Court accordingly ORDERS that the Sprint Settlement is preliminarily approved.

4.      This Court having further considered the proposed plan for and forms of notice contained in the Settlement Agreement, FINDS that such notice constitutes the best notice practicable under the circumstances and, therefore, satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) & (e)(1)(B) and due process, and the Court accordingly ORDERS that the parties shall give notice by the means and forms detailed in the Settlement Agreement to the Settlement Class and the Litigation Class.  The parties shall complete the giving of notice by December 7, 2007.

5.      Settlement Class members wishing to exclude themselves from the Settlement Class must send a letter by mail stating that they want to be excluded from the *In Re Universal Service Fund Telephone Billing Practice Litig.*, Case No. MDL No. 1468 Sprint Settlement.  The request must include: (1) the customer's full name; (2) the customer's current address and applicable wireline phone number; (3) the customer's signature; and (4) a specific statement that

"I want to be excluded from the Sprint Settlement Class."   The request for exclusion must reference each wireline telephone line eligible for a long distance card.   Only those lines referenced will be excluded.   The request for exclusion must be sent by first class mail, postmarked on or before January 21, 2008.  If the request is not postmarked on or before January 21, 2008, the request for exclusion will be invalid, and the person, corporation or entity making the request will be included in the Sprint Settlement.

6.      Litigation Class members wishing to exclude themselves from the Litigation Class must send a letter by mail stating that they wish to be excluded from *In Re Universal Service Fund Telephone Phone Billing Practices Litig.*, Case No. MDL No. 1468.  The request must include: (1) the customer's full name; (2) the customer's current address and applicable wireline phone number; (3) the customer's signature; and (4) a specific statement that "I want to be excluded from the Litigation Class."  The request for exclusion must reference each wireline telephone line.  Only those lines referenced will be excluded.  The request for exclusion must be sent by first class mail, postmarked on or before January 21, 2008.   If the request is not postmarked on or before January 21, 2008, the request for exclusion will be invalid, and the person, corporation or entity making the request will be included in the Litigation Class.

7.      Persons who are members of both the Settlement Class and the Litigation Class and wish to be excluded from both may combine their requests in one written notice so long as the notice clearly references their intention to be excluded from both the Settlement Class and the Litigation Class.

8.      Settlement Class members wishing to object to any aspect of the Sprint Settlement, including the award of attorneys' fees and expenses to Class Counsel, must file written objections with the Court and copy Class Counsel so that Class Counsel has actually received the objections by no later than  January 21, 2008.  The filing must state: (a) all of the

Settlement Class member's objections in detail, including all facts and legal authorities supporting the objection, (b) whether the Settlement Class member will appear at the hearing, and (c) the names, addresses and telephone numbers of all witnesses the Settlement Class member intends to call at the hearing, and must attach copies of all exhibits that the Settlement Class member intends to offer at the hearing.  Objections that do not substantially comply with these requirements will not be considered by the Court.  Only those Settlement Class members stating an intention to appear at the Fairness Hearing shall be heard at that time.

9.     Settlement Class members wishing to obtain relief under the settlement must submit claim forms in writing postmarked on or before July 1, 2008.

10.     Finally, this Court ORDERS that a Fairness Hearing be held in the United States District Court for the District of Kansas, Room 427, United States Courthouse, 500 State Avenue, Kansas City, KS 66101, at 10:30 a.m. on March 3, 2008, to consider whether the Settlement Class should be finally certified and whether the Sprint Settlement is fair, reasonable, and adequate and should receive the Court's final approval.  The Court shall also consider whether to finally approve the award of attorneys' fees and expenses to Class Counsel.

SIGNED this 11th day of September, 2007.


s/ John W. Lungstrum
HON. JOHN LUNGSTRUM
UNITED STATES DISTRICT JUDGE