UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE UNIVERSAL SERVICE FUND | § | |
| TELEPHONE BILLING PRACTICES | § | MDL DOCKET NO. 02-1468 |
| LITIGATION | § | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF
CLAIMS AGAINST DEFENDANT SPRINT COMMUNICATIONS COMPANY, L.P.**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Sprint Settlement and Notice to Settlement and Litigation Classes dated September 11, 2007 ("Notice Order") (doc. #814), and on the motion (doc. #853) of Settlement Class Representatives Roger Gerdes, Goldman & Hellman, P.A., Lady Di's, Inc., Sterling Beimfohr, d/b/a Sterling Sales, Pressman Toy Co., B & C Values, Inc., NYLB, Inc., d/b/a Siany, Elizabeth Tiffany, Michael Thome, and Tomi White Bryan (collectively "Settlement Class Representatives") and Defendant Sprint Communications Company L.P. ("Sprint") for approval of the Class Action Settlement Agreement entered into between Sprint and Settlement Class Representatives on September 7, 2007 (doc. #813-2) ("the Sprint Settlement"). Due and adequate notice having been given of the Sprint Settlement, as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Sprint Settlement, and all terms used herein shall have the same meanings set forth in the Sprint Settlement.

2.     This Court has jurisdiction over the subject matter of this litigation and over all Settling Parties.

-1-

3.     The Court hereby makes final its previous conditional certification of the Settlement Class, defined as:

> All Sprint (residential and business), MCI (business), and AT&T (business and California residential) wireline long distance customers (including those billed directly and those billed through local carriers) in the United States who paid USF Charges and/or who agreed to or became subject to an arbitration clause contained in a customer agreement of Sprint, AT&T or MCI at any time from August 1, 2001, to September 11, 2007.

The Litigation Class previously certified shall remain unchanged as to AT&T.  Excluded from the Settlement Class are any entity in which Sprint has a controlling interest; any employees, officers, or directors of Sprint; any legal representatives, successors, or assigns of Sprint; and the one person who timely and validly requested exclusion from the Settlement Class pursuant to the Notice disseminated in accordance with the Notice Order, a copy of which request for exclusion is attached hereto as Exhibit 1.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby reaffirms its findings, set forth in the Notice Order, that, for purposes of the Sprint Settlement:

(a)     An ascertainable class exists consisting of all Sprint (residential and business), MCI (business), and AT&T (business and California residential) wireline long distance customers (including those billed directly and those billed through local carriers) in the United States who paid USF Charges and/or who agreed to or became subject to an arbitration clause contained in a customer agreement of Sprint, AT&T or MCI at any time from August 1, 2001, to September 11, 2007.

(b)     There is a well-defined community of interest among the members of the Settlement Class.  Common questions of law and fact exist, and such questions predominate over questions affecting only individual members of the Settlement Class.

(c)     Maintenance of the case as a class action will result in substantial benefits to the Settlement Class members, the parties, and the Court and is superior to any other method to litigate the issues between the parties.  The Settlement Class is too numerous to be individually joined in one action.

(d)     Settlement Class Representatives are members of the Settlement Class, and their claims are typical of the claims of the other members of the Settlement Class.  Further this Court finds that Settlement Class Representatives have fairly and adequately represented the interests of the Settlement Class.

(e)     Class Counsel are experienced and well-qualified to serve as counsel for the Settlement Class, and they have fairly and adequately represented the interests of the Settlement Class.

5.     Pursuant to Rule 23(c)(1)(B), the certification of the Settlement Class is made final for purposes of resolving, in accordance with the Sprint Settlement, the above common issues and the claims asserted in the litigation.

6.     Pursuant to Rule 23(e), this Court hereby approves the Sprint Settlement and finds that the Sprint Settlement is, in all respects, fair, reasonable, and adequate for the Settlement Class and each of the Settling Parties, grants final approval of the Sprint Settlement in all respects, and directs the Settling Parties to perform the terms of the Sprint Settlement.

7.     This Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Sprint Settlement) the claims against Sprint.

8.     As set forth in Paragraph 16 of the Sprint Settlement, as of the Effective Date, the Class Plaintiffs, each of the Settlement Class Members who have not timely and properly opted out of the Settlement Class, and Thomas F. Cummings and Carol Zinsmeister shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasees from all Released Claims.

9.     Pursuant to Rule 23(c)(2)(B), the Court finds that under the circumstances, the notice of the Sprint Settlement provided to the Settlement Class in accordance with the Notice Order was the best notice practicable of the proceedings and matters set forth therein, including the proposed Sprint Settlement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 and the requirements of due process.

10.     Neither Class Counsel's application for attorneys' fees and reimbursement of expenses, nor any order entered by this Court thereon, shall in any way disturb or affect this Final Judgment, and all such matters shall be considered separate from this Final Judgment.

11.     Neither the Sprint Settlement nor any act performed or document executed pursuant to or in furtherance of the Sprint Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Sprint; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Sprint in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Sprint may file the Sprint Settlement and/or this Final Judgment in any other action that may be brought against them in order to support a

-4-

defense or counterclaim based on principles of res judicata, collateral, estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Because this judgment finally resolves all claims between Settlement Class Representatives, the Settlement Class and Sprint, the Court finds that there is no just reason for delay in the judgment becoming final, and the Court directs entry of this judgment as a Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).

13.     Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Sprint Settlement; (b) distribution of benefits under the Sprint Settlement; (c) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the MDL Action and the Sprint Settlement; and (d) the Settling Parties for the purpose of construing, enforcing, and administering the Sprint Settlement.

**IT IS SO ORDERED.**

DATED: March 3, 2008

s/ John W. Lungstrum
HONORABLE JOHN LUNGSTRUM
UNITED STATES DISTRICT JUDGE

-5-