# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**IN RE: UNIVERSAL SERVICE FUND**
**TELEPHONE BILLING PRACTICES**
**LITIGATION**                                              Case No. 02-MD-1468-JWL

**This Order Relates to All Cases**
_____

## MEMORANDUM AND ORDER

After careful consideration of Plaintiffs' Memorandum in Opposition to Defendant AT&T Corp.'s Motion for Summary Judgment (doc. #850), the court hereby strikes this document from the record due to its gross failure to comply with Rule 56(e) of the Federal Rules of Civil Procedure and this court's Local Rule 56.1 in the presentation of Plaintiffs' Statement of Genuine Issues and in responding to AT&T's Statement of Undisputed Facts. Because plaintiffs' response brief logically should precede AT&T's reply brief, the court also strikes the reply brief that was subsequently filed by AT&T (doc. #873) and all related documents. Plaintiffs shall refile their response brief on or before **May 16, 2008**. Given the anticipated volume of this document and related exhibits, the court hereby directs plaintiffs to submit a paper copy to chambers bound in three-ring binders. AT&T shall refile its reply brief on or before **June 9, 2008**.

The Federal Rules of Civil Procedure provide that a party opposing a summary judgment motion "must—by affidavits or as otherwise provided in this rule—set out **specific**

**facts** showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added).  To that end, this court's local rules provide as follows:

### RULE 56.1
### MOTIONS FOR SUMMARY JUDGMENT
. . . .
**(b) Opposing Memorandum.**
(1) A memorandum in opposition to a motion for summary judgment shall begin with a section that contains a **concise statement of material facts** as to which the party contends a genuine issue exists.  Each fact in dispute shall be numbered by paragraph, shall **refer with particularity to those portions of the record** upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed.
(2) If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party shall set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. . . .
. . . .
**(d) Presentation of Factual Material.**  All facts on which [an] . . . opposition is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answer [sic] to interrogatories and responses to requests for admissions.  Affidavits or declarations shall be made on personal knowledge and by a person competent to testify to the facts stated which shall be admissible in evidence.  Where facts referred to in an affidavit or declaration are contained in another document, such as a deposition, interrogatory answer, or admission, a copy of the relevant excerpt from the document shall be attached.
**(e) Duty to Fairly Meet the Substance of the Matter Asserted.** . . . All responses shall fairly meet the substance of the matter asserted.

D. Kan. Rule 56.1 (emphasis added).

The most glaring deficiency – which is an overriding theme – in plaintiffs' response brief is that plaintiffs have used the fact portion of their brief to argue their case rather than restricting it to setting forth specific facts that are directly supported by the record.  Numerous of plaintiffs' fact paragraphs are inferences that plaintiffs believe the court should

2

draw from a large number of cited exhibits, none of which actually state the asserted "fact." For example, plaintiffs' fact paragraph 22 states as follows: "The carriers desperately wanted to avoid having to compete as to USF recovery from customers." In support of this assertion, plaintiffs cite six exhibits, none of which contains a statement to this effect. Instead, plaintiffs have characterized and summarized various random statements from those documents which they hope the court will infer to mean this "fact." But, the procedural rules require plaintiffs to set out "specific facts" that are directly supported by the factual record. The court will of course ultimately view the summary judgment record in the light most favorable to plaintiffs, as the nonmoving parties. Consequently, in the argument portion of plaintiffs' brief they may argue what inferences they believe should be drawn from the facts, and the court will then determine whether a rational trier of fact might draw those inferences. The procedural rules do not, however, permit the facts to be embellished in such a manner in the fact portion of the brief. The critical point, then, is that plaintiffs' arguments that the court should draw certain inferences from the facts should be reserved for the argument portion of their brief.

The manner in which plaintiffs have presented their facts significantly complicates the court's task in attempting to evaluate them by the way in which plaintiffs have purported to cite to the record in support of their assertions. Frequently, plaintiffs cite a variety of sources to support a purported "fact." This, of course, would be largely unnecessary if any one of those sources actually contained a statement akin to the "fact" asserted by plaintiffs. And, often, plaintiffs' cited sources are not appropriate supporting factual material. *See* D.

3

Kan. Rule 56.1(d) ("All facts on which [an] . . . opposition is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answer [sic] to interrogatories and responses to requests for admissions."). For example, scholarly articles, standing alone, contain inadmissible hearsay and have limited utility under the Federal Rules of Evidence. Therefore the court will not consider excerpts taken from them as statements of "facts" for summary judgment purposes. In other instances, plaintiffs cross-reference large groups of their own paragraphs of factual material, such as to controvert one of AT&T's statements of fact or to establish other "facts." For example, in response to approximately twenty of AT&T's facts, plaintiffs state "see also GI 205-220," a range which includes more than one hundred of plaintiffs' purported factual paragraphs and spans more than sixty pages. This practice runs afoul of the various rules requiring the specific facts to be presented with record support (meaning affidavits, deposition testimony, and the like, not argument), to refer with particularity to those portions of the record upon which plaintiff is relying, and to fairly meet the substance of the matter asserted.

Collectively, then, the court is confronted with a truly voluminous factual record containing 360 fact paragraphs spanning 284 pages, the vast majority of which are appropriately disputed. The court will not comb through numerous cited exhibits for each fact paragraph searching for something that might plausibly lend some support to a variation of the asserted "fact." In a case such as this with a huge factual record where plaintiffs are seeking more than $2.7 billion in damages, the court believes it is reasonable to expect counsel, which the court has appointed to represent the class plaintiffs, to satisfy the

4

responsibility to "set out specific **facts** [not argument] showing a genuine issue for trial," Fed. R. Civ. P. 56(e)(2), in compliance with this court's local rules. A case of this magnitude and complexity demands a clean factual record. Consequently, when plaintiffs refile their brief the court anticipates that the fact portion of their brief will consist of facts that truly are not disputed. For example, plaintiff's statement of fact number 71 states as follows: "According to an AT&T memorandum, 'AT&T's intent is to pass both these charges on to customers, so that they are recognized as "tax-like" assessments required by the FCC. In this way, the customers will not perceive that these are fees developed by AT&T or the other IXC's to generate revenues.'" Plaintiffs then cite the memorandum itself. This is the type of fact paragraph the court expects to see because AT&T's response is and should be, appropriately, a simple "undisputed" because it cannot dispute the fact that the memorandum so states.[1]

The court further notes that when the parties refile their briefs they should adhere to the page limitations previously allowed for the argument and authorities section of their briefs. This consists of sixty pages for plaintiffs' response brief and forty-five pages for AT&T's reply brief. The court has reviewed those sections of the parties' briefs and believes

---

[1] The court has discussed the shortcomings above only by way of example. In addition, many of AT&T's objections to the manner in which plaintiffs' have presented their asserted facts are well taken. The court will not catalog here all of the ways in which plaintiffs have not complied with the applicable rules concerning summary judgment practice, but simply notes that plaintiffs also should take time to address these concerns and any other applicable procedural rules when they refile their response brief.

that the additional pages were ample. In fact, the parties could pare down their arguments significantly and they still would be equally effective.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Memorandum in Opposition to Defendant AT&T Corp.'s Motion for Summary Judgment (doc. #850) and the Reply Memorandum in Support of Defendant AT&T Corp.'s Motion for Summary Judgment and all related documents (docs. #872, #873 & #874) are hereby stricken from the record.

**IT IS FURTHER ORDERED** that plaintiffs shall refile their response brief on or before **May 16, 2008**, and AT&T shall refile its reply brief on or before **June 9, 2008**.

**IT IS SO ORDERED** this 25th day of April, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge