IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: UNIVERSAL SERVICE FUND
TELEPHONE BILLING PRACTICES
LITIGATION                                                    Case No. 02-MD-1468-JWL

This Order Relates to All Cases
_____

**MEMORANDUM AND ORDER**

This multidistrict litigation proceeding involves class actions alleging a price fixing antitrust conspiracy in connection with Universal Service Fund (USF) fees in violation of § 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and seeking injunctive relief and treble damages pursuant to § 4 of the Clayton Antitrust Act, 15 U.S.C. § 15. Additionally, this MDL proceeding involves breach of contract claims under New York state law. On June 30, 2008, the court issued an order granting in part and denying in part AT&T's motion for summary judgment. *See* Mem. & Order (doc. 887). This matter is now before the court on AT&T's motion to reconsider the court's denial of summary judgment on plaintiffs' antitrust claim (doc. 889). For the reasons explained below, AT&T's motion to reconsider is summarily denied.[1]

Given the procedural posture of this case, the court construes the current motion as a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 54(b).

---

[1] AT&T's request for oral argument is also denied because the court does not believe that oral argument would be of material assistance in resolving the motion. *See* D. Kan. Rule 7.2 (requests for oral argument are granted only at the court's discretion).

Pursuant to that rule, a "court's disposition of a single claim in a suit involving multiple claims is subject to reconsideration until the entry of judgment on all of the claims, absent an explicit direction for the entry of judgment on the single claim." *First Am. Kickapoo Operations, LLC v. Multimedia Games, Inc.*, 412 F.3d 1166, 1170 (10th Cir. 2005) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."), and *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) ("[T]he court retains the power to alter rulings until final judgment is entered on a cause.")). The current motion, then, is properly regarded as an "interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) (quotation omitted). As such, in analyzing the motion the court is not bound by the stricter standards for considering a Rule 59(e) or Rule 60(b) motion. *Id.*; *Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).

AT&T first argues that the court erred in finding that the combination of evidence made the existence of a conspiracy plausible. In support of this, AT&T essentially repeats arguments similar to those raised in its prior summary judgment briefing to support its theory that the carriers had independent business reasons for choosing to recover their USF contributions in the manner they did, and that the combination of evidence does not tend to rule out the possibility of independent action. But, the court has already thoroughly considered AT&T's theory in light of the summary judgment record. AT&T may ultimately

2

prevail on this theory at trial, but at this procedural juncture the court must view the summary judgment record in the light most favorable to plaintiffs. Viewed as such, for reasons stated in the court's prior Memorandum and Order the record contains sufficient evidence from which a rational trier of fact could find that the combination of evidence tends to exclude the possibility that the carriers acted independently in their USF recovery programs. Consequently, AT&T's argument on this point is without merit.

Second, AT&T contends that the court incorrectly found that AT&T waived its arguments concerning the testimony of plaintiffs' experts. AT&T once again takes those expert opinions to task, criticizing the court for not discussing those opinions more thoroughly in its summary judgment ruling because AT&T points out that it discussed those opinions in its opening brief. It is true that AT&T discussed plaintiffs' expert opinions in the argument portion of its opening brief, but the fact nonetheless remains that those opinions were part of the summary judgment record because AT&T did not file a motion to exclude them.[2] Thus, a rational trier of fact must view their opinions as part of the summary judgment record, and in the light most favorable to plaintiffs. Viewed as such, a trier of fact would undoubtedly find their evaluations and conclusions to be helpful, informative, and

---

[2] Although AT&T has now twice indicated that it intends to bring a *Daubert* motion to exclude those opinions – first signaling its intent to do so in its original memorandum in support of its motion for summary judgment and now again in a footnote in its motion to reconsider – the deadline for filing such a motion was months ago. *See* Pretrial Order (doc. 822) ¶ 15(c), at 28 (deadline for filing motions to exclude the testimony of expert witnesses was April 4, 2008).

persuasive. Furthermore, a trier of fact could entirely discount AT&T's attempt to undermine their opinions.

AT&T's final argument is that the court erred in denying its motion for partial summary judgment on plaintiff's claim for USF over-recovery damages. In using the term "over-recoveries," AT&T is referring to recoveries of amounts above and beyond even those necessary for "full recovery." This argument is premised on AT&T's contention that there is no legal basis for any such over-recoveries because any over-recoveries bear no causal relationship with the claimed conspiracy which, according to AT&T, is not alleged to encompass an agreement to over-recover. This argument rests on an inaccurate characterization of plaintiffs' claim. Plaintiffs seek damages "measured by the difference between the amount of the USF contribution that would have been passed on to the Carriers' customers in a competitive environment and the amount of the USF contribution (including excess administrative fees, etc.) that was actually charged the Carriers' customers." Pretrial Order (doc. 822) ¶ 10(a)(1), at 21-22. The nature of the alleged conspiracy is that the carriers conspired "to pass through **at least** 100% of their contribution to the USF" and that as the conspiracy proceeded they "agreed to raise the USF fees they charged their customers **above the level of their actual contribution**." *Id.* ¶ 5(a), at 6 (emphasis added). In other words, plaintiffs' damage claim does not purport to distinguish between damages for "full recovery" of the carriers' USF costs and any "over-recovery" of those costs. AT&T's attempt to make this distinction rests on the report of their damages expert, Dr. James Langenfeld, and his view of plaintiffs' evidence as to the nature of the alleged conspiracy. For essentially the

4

reasons previously discussed by the court, however, there are genuine issues of material fact concerning the existence and scope of the conspiracy. Simply put, a trier of fact could conclude that any over-recovery by the carriers (just like full recovery) was the result of the conspiracy. Disputed issues therefore preclude summary judgment in favor of AT&T on this issue.

In closing, the court wishes to remark that it appreciates the vigor and thoroughness AT&T has exhibited in seeking summary judgment in this case. The court has carefully considered and fully understands AT&T's various arguments (even if the court has not discussed those arguments with the level of detail that AT&T would apparently like), and the jury may ultimately agree with AT&T's version of the evidence at trial. But, the court is not persuaded that its prior ruling denying summary judgment on plaintiffs' conspiracy claim was erroneous. On summary judgment, the court is required to view the record in the light most favorable to plaintiffs. Viewed as such, that record is susceptible to various inferences that give rise to disputes about key issues in this case – namely, the existence and scope of the alleged conspiracy – and those genuine issues of material fact preclude AT&T from being entitled to judgment as a matter of law at this procedural juncture.

**IT IS THEREFORE ORDERED BY THE COURT** that AT&T Corp.'s Motion to Reconsider Summary Judgment on the Antitrust Claims (doc. 889) is summarily denied.

**IT IS SO ORDERED** this 17th day of July, 2008.

                                                      s/ John W. Lungstrum
                                                     John W. Lungstrum
                                                   United States District Judge