IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: UNIVERSAL SERVICE FUND       )
TELEPHONE BILLING PRACTICES         )   Case No. 02-MD-1468-JWL
LITIGATION                          )
_____)

## MOTION SURESH C. BAZAJ FOR DISTRIBUTION
## OF RESIDUAL SETTLEMENT FUNDS

I am a private citizen, not representing any party or organization, and a member of the class impacted by the judgment entered in the above-referenced case.

On November 19, 2008, a federal jury entered a verdict in favor of a class of AT&T residential wireline customers in the State of California who were billed Universal Service Fund ("USF") charges greater than the amount that AT&T paid into the federal USF program. I am submitting this motion because I have received unsatisfactory responses from Class Counsel (Vincent Esades of Heins, Mills & Olson, Marc Selzer of Susman Godfrey, and Marc Stanley of Stanley, Mandel & Iola), and from the Claims Administrator (Rachel Christman of Gilardi & Co.) regarding the prospects of assigning undistributed funds from the settlement to a non-profit organization (presumably in the form of a *cy pres* award).

The settlement fund consisted of $10,931,000 from the verdict and $5,546,958 in prejudgment interest. To the best of my knowledge, only 6,961 people with 9,045 phone lines submitted valid claims, though the class consisted of customers with approximately 6 million lines. The settlement agreement capped payment per line at $1,000 including interest. Hence, the total distribution was about $9,045,000, leaving a balance of

$7,400,000 plus post-judgment interest. After reducing this amount by $10,000 for the incentive award, attorneys' fees of $5,631,000 and a reimbursement of $613,000 in litigation expenses, there was a balance of approximately $1,179,000, plus post-judgment interest.

The May 12, 2011 Order did not provide for the distribution of any residual settlement funds, as required by the California Code of Civil Procedure Section 384 (b). Moreover, according to the Courtroom Deputy (Ms. Sharon Scheurer), no request has been submitted by Class Counsel to have these funds distributed (though the letters to provide W9 Forms were sent out on January 29, 2012 and checks were mailed near April 30, 2012 or before).

I respectfully request that the Court exercise its discretion to make sure that the unpaid settlement funds are distributed to a worthy nonprofit organization that works to protect the interests of the class of California AT&T residential customers, since only a small fraction of them ever filed and received benefits as claimants.

In this regard, and as a class member, I would like to recommend that the Court consider the San Francisco based The Utility Reform Network ("TURN"), an organization with 40 year history of advocating for telephone customers, as a recipient of the residual settlement funds. The advocacy work for telecommunication services customers includes Universal Service, Lifeline low-income service and consumer protection against slamming, cramming and other rip-offs. TURN represents customer interests in the State Capitol (Sacramento), Washington DC and in front of the California Public Utilities Commission.

TURN's staff includes attorneys that practice before the California Public Utilities Commission ("CPUC") and community advocates that operate a hotline to resolve consumer complaints and perform community outreach to educate consumers about regulations that protect them from unauthorized third party billing, how to resolve disputes with AT&T customer service, and how to file complaints with the CPUC.

I learned of TURN from the local newspapers. After spending some time doing research on TURN, and speaking to their Executive Director, I recommend TURN because it is one of the few organizations that work effectively on behalf of all AT&T wireline customers – the very issue in the litigation. TURN has a track record of winning CPUC rulings that protect telephone consumers, such as protections against unauthorized third party charges on monthly phone bills. Each year TURN assists hundreds of individual customers resolve billing disputes, file CPUC complaints, and receive refunds from AT&T and other phone companies. Supporting TURN with a *cy pres* award would benefit millions of California AT&T wireline customers that did not receive any remedy from the settlement fund.

Moreover, TURN is the only independent nonprofit organization in California (that I am aware of) that represents the utility consumers. I am confident that with the *cy pres* funds, TURN will be able to undertake projects that will benefit all class members consistent with the objectives and purposes of the underlying cause of action in this case.

Respectfully submitted,

Suresh Bazaj

Dated 8 February 2013

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 8 February, I filed the foregoing with the Clerk of the Court to be filed by the Clark using the CM/ECF system which sends notification of such filing to all counsel of record receiving notification via ECF.

DATED: 8 February, 2013

By: _____ (SURESH BAZAJ)